# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BOBBY W. JOHNSON,** | ) | Civil Action No. 7:11cv00398 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **R. STONE,** | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Bobby W. Johnson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. However, the court finds that Johnson has not stated a claim upon which relief may be granted and, therefore, dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Johnson alleges that on February 11, 2011 he awoke feeling more depressed and stressed out than usual, so he filed an emergency grievance asking to speak with someone from the mental health department. At around 8:30 that morning, defendant, psychologist R. Stone, came to the medical department where Johnson was waiting to talk with a mental health professional. However, Stone began talking to another inmate. An officer introduced Johnson to Stone and Stone allegedly "look[ed Johnson] in the eyes" and asked "can I at least drink my tea?" Johnson complains that Stone acted like Johnson was "really interrupting him drinking his tea." Shortly thereafter, Stone went into the hallway to talk with Johnson. Johnson started to tell Stone his problems and Stone allegedly responded that if Johnson "would stop bitching they could talk" and then later called Johnson a "bitch." After Johnson shouted that Stone had called him a "bitch," Stone began to walk away. While he was walking away, Johnson asked Stone for his name. Stone allegedly responded that his name was George. When asked for his last name,

1

Stone allegedly responded, "George of the Jungle." Johnson was upset by this encounter and concedes that he spoke with another mental health professional immediately after the alleged incident. Johnson argues that Stone did not act professionally and denied him mental health treatment. Johnson seeks damages as well as to have Stone restricted from practicing.

## II.

To state a claim for relief under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To the extent Johnson argues that Stone was rude or disrespectful to him, he fails to state a claim of constitutional magnitude. To the extent Johnson claims he was denied mental health treatment, his own statement of the facts contradicts this claim inasmuch as Johnson concedes that he met with another mental health professional immediately after his alleged incident with Stone. Accordingly, the court finds that Johnson has failed to state a constitutional claim upon which relief may be granted and, therefore, the court dismisses his complaint.

## III.

For the reasons stated, the court dismisses Johnson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 29th day of August, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE